United States District Court
Southern District of Texas
**ENTERED**
July 16, 2018
David J. Bradley, Clerk

| | | |
|---|---|---|
| Christopher Sadowski, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-17-1562 |
| | § | |
| BackChina, LLC, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1. *Background.*

   A photographer claims that a website infringed on his copyright when it used his picture in its article without his consent. The site argues its use was protected because it was fair use.

   In January 2016, Christopher Sadowski licensed several of his pictures to the *New York Post*. One of these pictures was used in an article it published online. The article was about a mother and son who died from carbon monoxide poisoning. They were sitting in the car while the father shoveled snow from around the car. The police say the two died because the car was running while its exhaust pipe was clogged with snow. The picture shows the car where the two died, and the article credits Sadowski for the photograph.

   The *Post* published its article with the picture on January 25, 2016, at 6:32 am. A Canadian website – creaders.net – published an article in Chinese about the deaths with the picture at 2:01 p.m. Then at 5:14 p.m., a news editor for BackChina re-published the creader.net article on its own website – 21uscity.com. The creaders.net article and BackChina's both used Sadowski's picture without his permission.

   Sadowski says he lost money from the unauthorized use of his picture. He says he licensed the picture to the *Post* and an Australian internet news outlet – news.com.au. He has an invoice to the *Post* for $5,500 and to Australian news outlet for $1,500; however, he has not disclosed receipts on contemporary deposits. He has produced receipts for other pictures he licensed.

   BackChina says it did not infringe on Sadowski's copyright because it was used to educate Chinese readers on carbon monoxide. It says most Chinese people have not

driven a car before traveling to the United States. It says because of this, they would not know carbon monoxide poisoning could occur in these conditions. Sadowski's picture would not solve this problem. It does not show how to avoid carbon monoxide poisoning; it shows a car with snow around it. The car shown is not distinguishable from other snow-bound cars. The text is what educates.

2. *Copyright.*

BackChina must show that using the photograph is fair use.[1] To establish fair use, four non-exclusive factors are weighed: (a) whether the picture was used commercially and BackChina transformed it; (b) whether the picture is more creative or factual; (c) how much of the copyrighted work was used, and (d) how the unauthorized used affects the market for the work.[2] Copyrighted work used in someone else's critique is an example of fair use. The factors are weighed together, but the fourth is the most important.

3. *Purpose and Character of the Use.*

This factor disfavors fair use. BackChina concedes its use was commercial. BackChina says that it transformed the picture because its post targets a Chinese audience, is published in the Chinese language, and includes textual changes. Sadowski argues BackChina did not comment on or criticize his photo, and did not transform his picture because it re-posted it with a copy of creader.net's article.

Sadowski's copyright is in the picture, not the text. BackChina reprinted the same picture that appeared in the *Post* article. Its use supersedes the original picture. The picture does not report news independent of the text. The picture is also not educational by itself. A car with snow around it does not educate readers on how to avoid carbon monoxide poisoning. While the picture compliments the text, so would any picture of a car with snow around it. Nobility of the user's purpose does not widen the scope of fair use.

---

[1] 17 U.S.C. 107; *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

[2] *Harper & Row*, 471 U.S. at 560.

BackChina uses the picture in an article that covers the same event as the *Post*'s. The picture in BackChina's post might be of a lower resolution, cropped, or on a smaller size, but this also does not give the picture a new aesthetic. BackChina did not transform Sadowski's picture by copying it from the *Post*.

4. *Nature of the Copyrighted Work.*

This factor favors fair use. BackChina argues the picture was previously published and factual. It is factual because it was shot in public. No evidence shows that Sadoski tried to convey ideas, emotions, or influence the car's appearance. Sadowski says he spent a large amount of time and effort to take the pictures, which makes it creative.

This is a simple picture. Sadowski took it as part of his job. He did not create the scene or stage his subjects. He cannot claim ownership in the car. The picture might have involved creative decisions, such as the angle from which he would take the picture and lens he would use, but this does not make the picture more creative than factual. The picture is factual and published. This factor weights in favor of finding fair use.

5. *Amount and Substantiality.*

This factor weights against fair use. BackChina says it used only as much as it needed to report news. In other factors it also argues it used the article to educate its readers on the dangers of carbon monoxide poisoning in cars. Sadowski argues this factor weighs against fair use because BackChina used an exact duplicate.

BackChina duplicated his picture. This was unnecessary. A person does not need a picture of a car with snow around it to understand the article.

6. *Market.*

This factor weighs against fair use. BackChina says how it used the picture promotes the arts and sciences and benefits the public. Its article told Chinese readers that starting a car when it is surrounded by snow may result in death. His picture attracted others to the text. Also, BackChina argues it served a different market than the market Sadowski targeted. Sadowski targeted English news outlets.

BackChina says Sadowski has not shown a market exists for his photograph because he cannot produce receipts for the license of his picture, only invoices. Sadowski argues his business consists of licensing pictures for money. He has produced receipts for licensing other pictures, which shows there is a market for his pictures. However, very few artists reach the level of recognition that entices people to buy anything he produced regardless of its technical merit. Sadowski's sales of other works does not imply a market for every one of his pictures. Here, he claims receipt of $5,500 and $15,00 for this picture without confirming data. Because he brought this action, he must supply evidence to support each part of it. An invoice is a start, but it is not sufficient. He also says BackChina's use is evidence that a market exists for his photograph. This confirms a market but does not value his picture. Finally, he argues that if BackChina is allowed to use his picture without paying a licensing fee, there would be no incentive for people to create original works.

The receipts Sadowski has are not cogent in deciding whether a potential market for this picture exists. Creader.net copied the picture from the *Post*, and BackChina republished it. BackChina used the picture for the same reason the *Post* did. This shows an audience for this picture exists and that shows a market exists.

Sadowski has not, however, supplied receipts for this picture. He has not shown how much a news outlet in Canada or the United States that publishes its articles in Chinese would pay to license this picture. The receipts he has produced do not show other news outlets have licensed this picture. The market for his picture was short-lived as is true for all but a few news photos – the flag being raised at Iwo Jima, the Hindenburg fire, Martin Luther King Jr. at the Lincoln Monument, General Eisenhower with the paratroopers, and some of the World Trade Centers on September 11, 2001.

7. *Conclusion.*

BackChina's motion for summary judgment will be denied.

Signed on July 16, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge